THE W. K. HENDERSON IRON WORKS & SUPPLY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 518, 3555, 10501.   Promulgated February 9, 1927.

In the absence of evidence showing that additional compensation was paid or accrued during 1918, the respondent's disallowance of the deduction on account thereof is sustained. There being no evidence as to the reasonableness of such additional amounts as compensation for 1919, no deduction is allowable in the latter year.

*Yandell Boatner, Esq.,* for the petitioner.
*Thomas P. Dudley, Jr., Esq.,* for the respondent.

These proceedings result from the determination by respondent of deficiencies in income and excess-profits taxes for the years 1918 to 1921, inclusive. The deficiency in tax for the year 1918 is less than $10,000. For the year 1919, the deficiency is $2,954.63, and for the two years 1920 and 1921, there is a deficiency of $10,810.02. The three appeals, filed for the four years in question, were consolidated at date of hearing. Petitioner alleged errors in the computation of the deficiencies in question, raising the issues that a reasonable rate of depreciation had not been allowed; that certain expense items had been disallowed, and that invested capital had been improperly decreased for certain of the years in question. These three assignments of error were specifically waived and withdrawn by petitioner at the hearing, leaving only one issue involved in these proceedings, and that relates to the disallowance by the respondent of deductions for additional salaries for the years 1918 and 1919.

FINDINGS OF FACT.

Petitioner is a Louisiana corporation with its principal office in Shreveport. Its business is the manufacture and sale of machinery and supplies; its books of account were maintained and its income and profits-tax return was filed on the calendar year basis. During the year 1918 the total sales of the petitioner approximated $750,000, its physical properties were assessed at over $1,000,000 for city, county and State tax purposes, and the weekly pay roll during the year was approximately $7,500.

During 1918 the principal officers of the petitioner were a president, vice president and general manager. The president, W. K. Henderson, died in September, 1918, and upon the death of the father, his son W. K. Henderson, Jr., became president of the petitioner for the period September, 1918, to December 31, 1918. His services to the petitioner consisted largely in arranging for necessary finances to secure the efficient operation of the business. W. S. Dun-

can, the vice president and general manager, was in charge of production during the year 1918.

A salary of $6,666.68 was paid W. K. Henderson, Sr., during the year 1918, as president of petitioner for the period January 1, 1918, to the date of his death. W. K. Henderson, Jr., was paid a salary of $3,333.33 during the year 1918 for services performed during the period September to December 31, 1918. W. S. Duncan was paid during the year 1918 a salary of $7,149.96 for services rendered during the year 1918. Some time during the latter part of 1918 or the first part of 1919, W. K. Henderson, Jr., and W. S. Duncan discussed the matter of the adequacy of the salaries they were receiving from the petitioner for the services they had performed and were performing. During the course of their conversation Henderson agreed with Duncan that their salaries were inadequate and they both decided that they should each receive an additional salary of $10,000 for the year 1918 for services rendered during the year 1918. During 1919, $20,000 was credited as additional compensation to W. K. Henderson, Jr., and W. S. Duncan. In his individual income-tax return for 1918, W. K. Henderson, Jr., included the additional $10,000 thus credited to him and paid the tax due thereon.

No directors' meetings were held nor were minutes recorded, with respect to the additional compensation which W. K. Henderson, Jr., and W. S. Duncan agreed upon for services rendered during the year 1918.

OPINION.

MILLIKEN: Section 234(a)(1) of the Revenue Act of 1918 provides that, in computing the net income of the corporation, there shall be allowed as deductions all of the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for services actually rendered. We were not informed whether the petitioner maintained its books of account upon the cash receipts and disbursements basis or upon the accrual basis. If upon the former, the additional salaries sought to be deducted from income, for the year 1918, must have been actually paid. The additional salaries were not paid during the year 1918. If the books of account were maintained upon the accrual basis for the year 1918, a liability must have been incurred in that year to pay the additional salaries in question, in order that the salaries could be claimed and allowed as a deduction in computing net income. The president of the petitioner testified that he was unable to state whether the agreement concerning the additional salaries for the year 1918 was entered into in the year 1918 or the year 1919, and consequently no liability to pay additional salaries having been

proven for the year 1918, no deduction from income can be allowed therefor.

Petitioner avers that if the additional salary deductions are not allowed for the year 1918, the same certainly consitutes a deductible item from income for the year 1919 when the salaries were actually paid. It may be that such additional salaries paid in 1919, when added to the regular salaries paid in 1919, constitute a reasonable compensation for personal services actually rendered in that year, but we have no evidence before us concerning the salaries paid, services performed, or the volume or character of business done during the year 1919, and we are, accordingly, without the necessary facts to determine the issue for that year.

> Judgment will be entered for the respondent
> on 15 days' notice, under Rule 50.

ARUNDELL and PHILLIPS dissent.